UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
FEB 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

~~METROPOLITAN CAMPUS POLICE~~  )
~~OFFICER'S UNION~~  )
~~2225 Georgia Avenue, #804~~  )
~~P.O. Box 26384~~  )
~~Washington, DC 20001~~  )
)
~~Plaintiff,~~  )
)
)
v.  )   Civil Action No. _____
)
~~HOWARD UNIVERSITY~~  )
~~2400 6th Street, NW~~  )
~~Washington, DC 20059~~  )
)
Defendant.  )

CASE NUMBER 1:06CV00270

JUDGE: Reggie B. Walton

DECK TYPE: Labor/ERISA (non-employme:

DATE STAMP: 02/13/2006

HOWARD UNIVERSITY
2400 6th Street, NW
Washington, DC 20059

Plaintiff,

v.

METROPOLITAN CAMPUS POLICE
OFFICER'S UNION
2225 Georgia Avenue, #804
P.O. Box 26384
Washington, DC 20001

Defendant.

**PLAINTIFF HOWARD UNIVERSITY'S**
**COMPLAINT TO VACATE ARBITRATION AWARD**

Pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 1985(a), ("Section 301(a)"), Plaintiff Howard University ("Howard University") hereby files this

77828

1

Complaint seeking to vacate an arbitration award, dated November 13, 2005, issued in favor of Defendant Metropolitan Campus Police Officer's Union ("Union"). In support of this Complaint, Howard University respectfully states the following:

## Jurisdiction and Venue

1.   Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331. This case involves a lawsuit to vacate an arbitration award based on alleged violation of a collective bargaining agreement ("CBA") between Howard University, an employer, and the union, a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a). Therefore, this lawsuit arises under the laws of the United States. Venue is also appropriate pursuant to Section 301(a).

2.   The Union seeks, in a state court action filed in the District of Columbia Superior Court on February 2, 2006 (Civil Action 06-711) (hereafter, the "State Court Action"), confirmation of an arbitration award, pursuant to D.C. Code § 16-4315. The State Court Action is pre-empted by Section 301(a). Specifically, the State Court Action is a lawsuit to enforce an arbitration award based on an alleged violation of a collective bargaining agreement between Howard University and the Union, a labor organization representing employees in an industry affecting commerce, within the meaning of Section 301(a).

3.   On February 13, 2006, Howard University removed the State Court Action to the United States District Court for the District of Columbia.

2

### Parties

4. Plaintiff Howard University, which is a private institution of higher education located at 2400 6th St., N.W. in Washington D.C., employs over 6,000 employees. Employees working in Howard University's campus police department are within a bargaining unit represented by the Metropolitan Campus Police Officer's Union.

5. Defendant Union is a labor organization and is the exclusive collective bargaining representative of a bargaining unit comprised of officers, sergeants and other security personnel employed by Howard University, pursuant to the CBA.

### Facts

6. Article 30 of the parties' CBA, which was effective from March 27, 2002 through March 26, 2005, set forth, among other things, a Grievance and Arbitration Procedure. See CBA, attached hereto as Exhibit 1. The Grievance and Arbitration procedure under the CBA limited the scope of grievances, as well as the scope of the authority of the arbitrator. Specifically, Article 30 provides, in pertinent part, as follows:

> Only an allegation that there has been a **violation, misapplication, or misinterpretation of the terms of the Agreement** shall constitute a grievance under the provision of this grievance procedure.

(Emphasis added).

7. In May 2004, the Union filed a grievance under the Grievance and Arbitration Procedure of the CBA claiming that the University should have effectuated a Wage Compensation Package within the CBA. The University never agreed to effectuate the specified Wage Compensation Package in collective bargaining negotiations or otherwise.

8. The matter as framed by the arbitrator was arbitrated on July 26, 2005 before Arbitrator Andree Y. McKissick ("Arbitrator"), an arbitrator selected pursuant to the Grievance

3

and Arbitration Procedure under the CBA. The Arbitrator determined in a written opinion dated November 13, 2005 that the parties had agreed in the formation of the CBA to effectuate the Wage Compensation Package. Such conclusions were beyond the scope of the Arbitrator's authority under the CBA, as the Arbitrator decided issues that do not arise under the CBA. Rather, the Arbitrator's decision determined the terms of the CBA and what the parties agreed to in negotiations to reach a CBA.

9. At no time did Howard University agree to "interest arbitration", either explicitly or implicitly which would have given the Arbitrator jurisdiction independent of the CBA to determine whether or not, in the formation of the CBA, the Wage Compensation Package should be effectuated, as a term and condition of employment within the CBA.

10. In addition, at the arbitration, the Arbitrator also impermissibly excluded substantial relevant and material evidence proffered by the University, which went directly to the issue of whether the parties had reached a meeting of the minds on the Wage Compensation Package. For example, the University sought to call as a witness the Union's Chief Negotiator, Kimberly Kline. Ms. Kline was present during the negotiations between the parties on the Wage Compensation Package and is aware that the parties did not reach a meeting of the minds on this Package. The University did not intend to elicit from Ms. Kline any communications protected by the attorney-client privilege. Yet, the Arbitrator refused to allow Ms. Kline to testify as a fact witness regarding statements and representations made by the parties during open negotiations, when both University and Union representatives were present. Such testimony, of course, could not violate any attorney-client privilege.

11. On or about February 2, 2006, the Union filed an initial pleading with the District of Columbia Superior Court seeking to confirm the arbitration award, pursuant to D.C. Code 16-

4315. On February 13, 2006, the University removed the action to the United States District Court for the District of Columbia on the ground that the Union's claim for relief under D.C. Code § 16-4315 is preempted by Section 301(a) of the Labor Management Relations Act, and the claim presents a federal question, pursuant to 28 U.S.C. § 1331.

## Claims for Relief

### COUNT I

### Vacation of Arbitration Award Pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a)

12.     Howard University hereby incorporates the statements contained in paragraphs 1 through 11 above.

13.     Howard University seeks to vacate the arbitration award issued by the Arbitrator on November 13, 2005, pursuant to Section 301(a) of the Labor Management Relations Act, because the arbitration award "did not draw its essence from the Collective Bargaining Agreement." See Arbitration Award, attached hereto as Exhibit 4.

14.     Howard University's Complaint seeking to vacate the award is timely under Section 301(a) because it was filed within 90 days of the Arbitrator's award.

15.     The award should be vacated because the arbitrator exceeded her authority in that she determined issues that relate to the formation of the CBA, that is whether Howard University had agreed to effectuate the Wage Compensation Package under the CBA. Indeed, the Arbitrator did not have substantive jurisdiction under the CBA to determine whether Howard University and the Union formed "meeting of the minds" with respect to Wage Compensation Package and whether all terms of the CBA were agreed upon.

16.     The Award should be further vacated because the Arbitrator's action in this case constitutes a manifest disregard of the law and violates well-established public policy.

17. In the alternative, the Award should be vacated because the Arbitrator refused to hear evidence that was material, relevant, and went directly to the issue of whether the parties reached a meeting of the minds or formed a legally binding Agreement with respect to the Wage Compensation Package.

## COUNT II

### Vacation of Arbitration Award Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10 *et seq.*

18. The University incorporates the statements contained in paragraphs 1 through 17 above.

19. The award should also be vacated under the Federal Arbitration Act, 9 U.S.C. § 10 *et seq.* ("Federal Arbitration Act").

20. The University's request to vacate the award under the Federal Arbitration Act is timely because it was filed "within three months after the [arbitration] award [was] filed or delivered." 9 U.S.C. §10 *et seg.*

21. The award should be vacated because the arbitrator exceeded her authority in that she determined issues that relate to the formation of the CBA, that is whether Howard University had agreed to effectuate the Wage Compensation Package under the CBA. Indeed, the Arbitrator did not have substantive jurisdiction under the CBA to determine whether Howard University and the Union formed "meeting of the minds" with respect to Wage Compensation Package and whether all terms of the CBA were agreed upon.

22. In the alternative, the award should be vacated because the Arbitrator refused to hear evidence that was relevant, material and went directly to the issue of whether the parties reached a meeting of the minds on the Wage Compensation Package.

WHEREFORE, Howard University respectfully requests that the Court issue an Order

6

vacating the arbitration award entered November 13, 2005 and granting the University all such other relief to which it may be entitled at law and equity.

Respectfully submitted,

Dated: February 13, 2006

By: _____
TRINA L. FAIRLEY (D.C. Bar No. 464102)
**KING PAGANO HARRISON**
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006
(202) 371-6800

Counsel for Plaintiff
Howard University