COLLECTIVE BARGAINING AGREEMENT
BETWEEN
HOWARD UNIVERSITY
AND
METROPOLITAN CAMPUS POLICE OFFICERS UNION

EFFECTIVE

MARCH 27, 2002
THROUGH

MARCH 26, 2005

06 0270



FILED

FEB 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# PREAMBLE

This agreement is made and entered into this - day of
2003, by
and between Howard University and Hospital of Washington, D.C. (hereinafter "Employer") and
the Metropolitan Campus Police Officers Union (hereinafter "Union" or "MCPOU").

## ARTICLE 1. RECOGNITION

**I.I. Recognition.**
LLL The Employer recognizes the Union as the sole and exclusive bargaining representative for
the bargaining unit.

**1.2. Definition of Bargaining Unit.**
1.2. 1. The bargaining unit includes:

1.2.1.1. All security officers, traffic monitors, and parking lot attendants.

1.2.1.2. Special police officers, sergeants, senior special police officers, and campus police
officers employed by the Employer at its Howard University and Howard University Hospital,
Washington, DC locations; but excluding al] full-time students, office clerical employees, and
supervisors as defined in the National Labor Relations Act.

**1.3. Re-titled Classifications.**
1.3.1. In the event that any of the above listed classifications are re-titled without any change in
job duties, such classification shall be included in Section 1 ~2.

1.4. New Classirications. 1.4.1. In the event that any new classifications are created, the inclusion
of the new classifications shall be discussed with the Union.

1.4.2. In the event the University and the Union are unable to agree on the inclusion or exclusion
of a classification, the Union may file a grievance pursuant to Article 3 1. Grievance/Arbitration
procedure.

1.5. Subcontracting. 1.5.1. Contractors shall not be regularly assigned to perform bargaining unit
functions in lieu of bargaining unit members, Contractors may be used by the Employer to
supplement bargaining unit functions, such as for additional staffing for special projects, in
emergencies, for traffic or crowd control, or in short-term circumstances or other seasonal
requirements. If the Union believes that contractors are being utilized inappropriately, it may
meet with the Chief of Police to discuss such disputes or disagreements.

29.2. Criminal Defense. 29.2- 1. Employer shall, at the Employer's expense, defend any Employee against any criminal charges brought against such Employee for acts committed by the Employee in the line of duty within the scope of the Employee's authority and while in the course of employment.

## ARTICLE 30. GRIEVANCE/ARBITRATION PROCEDURE

**30.1. Purpose.**
30.1 . 1. The purpose of the grievance procedure is to establish effective machinery for the fair, expeditious, and orderly adjustment of grievances. Only an allegation that there has been a violation, misapplication, or misinterpretation of the terms of this Agreement shall constitute a grievance under the provisions of this grievance procedure.

30.2. Presence of Union Representative. 30.2. 1. No pre-disciplinary conference, reprimand, less than satisfactory work performance claim, suspension, discharge, transfer, termination or any other disciplinary action shall be taken against an employee without the prior presence of a Union representative, shop steward, or someone of the employee's choosing to serve as a witness during the initial phase of supervisory disciplinary action. Union representation shall continue throughout the grievance process.

**30.3. Grievance Procedure - Steps. 30.3, 1. Step 1. Immediate Supervisor:** 30.3.1 ~ 1. The aggrieved employee and the Union representative, if requested, shall discuss the grievance with the employee's immediate supervisor within ten (10) days of the date of the grievance or the employee's knowledge of its occurrence,

30.3.1.2. The decision of the immediate supervisor shall not be considered binding precedent. The Supervisor shall render a decision within ten (10) days following the hearing date.

30.3.2. Step 2. Chief of Campus Police: 30.3.2. L: If the grievance is not resolved at Step 1, it shall be presented in writing to the Chief of Campus Police within five (5) days following the aforementioned meeting.

30.3.2.2. The Chief of Campus Police (or designee) shall meet with the aggrieved employee and the Union President (or designee), and provide a written answer to the grievance within ten (10) days following receipt of the Step 2 appeal.

**30.3.3. Step 3. Director of Business and Fiscal Affairs.** 30.3.3. 1. The Union may appeal in writing within five (5) days of the receipt of the Step 2 reply to the Director of Business and Fiscal Affairs or designee.

30.3.3.2. The Director of Business and Fiscal Affairs (or designee) shall meet with the Union representative and the grievant and render a written decision within twenty one (21) days following receipt of the Step 3 appeal. The designee cannot be any individual from the Step 2 level.

30.3.4. **Step 4. Arbitration.** 30.3.4. 1. If the Step 3 response is not satisfactory to the Union, it may appeal the grievance to arbitration within seven (7) days of receipt of the Step 3 reply by

notification to the Director of Employee and Labor Relations, and the American Arbitration Association for naming an Arbitrator.

30-3.4.2. The selection of the arbitrator and the conduct of the arbitration hearing shall be in accordance with the rules of the American Arbitration Association. The arbitrator's decision shall be final and binding upon the parties.

30-4. Discharge Case. 30.4. 1 . In a discharge case the grievance must be heard at Step 2 before the discharge can be effected.

**30.5. Calculation of Time.**
30.5. 1. The periods of time indicated herein shall be exclusive of Saturdays, Sundays, or holidays.

30-6. **Arbitrator's** Fees.
30.6.1. The arbitrator's fee and expenses shall be shared equally by the University and the MCPOU.

30.7. Loss of Pay. 30.7. L Any employee found to be unjustly suspended or discharged shall be reimbursed with full compensation for all time lost and with full restoration of all rights and conditions of employment.

30.7.2. Employees and Union representatives involved in the grievance and arbitration procedures shaJJ do so without loss of pay.

30.8. Time Limits. 30.8.1. In the event that the Employer fails to meet the time constraints stated herein, the aggrieved employee shall have the right to proceed to the next grievance level.

ARTICLE 31. PERSONNEL FILES.

31.1. Employee Access. 3 1. 1. 1. The contents of personnel records shall be made available to the Employee for inspection and review at any reasonable time during the regular business hours of Employer. At their request, Employees shall be provided one copy of any document placed in the Employee's file.

31.2. Notice of **Placement of Item in File.** 31-2. 1. Employees shall be simultaneously notified in writing when anything other than of a routine nature is placed in their personnel files. In this same regard, a copy of any disciplinary action or material related to job performance which is placed in an Employee's personnel file shall be made available to the Employee prior to or at the same time that it is placed in the personnel file

**31.3. Information Contained in File.**
31.3. 1. Personnel investigations that result in exonerated, unfounded, or not sustained dispositions shall not be made a part of the Employee's personnel file.

31.3.2. A record of oral reprimand and/or counseling will not be maintained in the Employee's personnel file.

**31.4. Removal of information.**

31.4. 1. Any information, documents, or correspondence related to disciplinary action shall be removed from employee's personnel file if requested in writing by the employee, provided one (1) year has elapsed since the most recent entry, except where the material reflects repeated infractions which may form the basis of a pattern of abuse.

31.4.2. No adverse material will be inserted in the personnel folder of an Employee without the Employee's knowledge.

31.4.3. Any Employee and/or his/her authorized representative shall have the fight to review his/her official personnel file at any time, provided only that such review takes place upon reasonable notice and during the regular business hours of the Employer. Upon request, any Employee is entitled to a copy of any document in his/her personnel file.

## ARTICLE 32. PROMOTIONS AND FILLING VACANCIES

**32.1.** Whenever a regular position vacancy occurs within the Department at the Special Police Officer level or higher, the Employer shall post a description of such opening on bulletin boards convenient to work areas (including satellite location) and on all official bulletin boards for a period of ten (10) working days or through such procedures as are otherwise agreed to between the Union and the Employer.

32-2. Employees may bid on such jobs by submitting a written application to the Employer prior to the expiration date of the posting.

32.3. In filling job vacancies within the Department, factors to be considered shall include continuous length of service within the department, qualifications, job perfon-nance evaluations and disciplinary record.

32,4. Employer will make a good faith effort to increase upward mobility at the Hospital, including adding promotional opportunities to the position of sergeant.

32.5. Upward mobility will be a topic of Labor Management Conferences.

## ARTICLE 33. WAGES.

33-1. Pay Increases. 33.1.1. Effective March 28, 2002, the minimum and maximum annual rates of pay of each Parking Attendant and Security Officer, Special Police Officer and Senior Special Police Officer, and any vacant position in those classifications, shall be increased per the attached Appendix C. Effective March 28, 2002, each Employee in the above-mentioned four (4) classifications shall receive an increase of 2%. Those Employees receiving a 2% increase shall have their rriinimurn and maximum annual rates of pay increased by 2%.

33.1.2. Effective March 28, 2003, Employees shall receive an increase of 2%, which shall be added to their existing rate of pay. Effective March 28, 2003, the minimum and maximum annual rates of pay for each position shall also be increased by 2%.

33.1.3. Effective March 28, 2004, employees shall receive an increase of 2%, which shall be added to their existing rate of pay. Effective March 28, 2004, the minimum and maximum annual rates of pay for each position shall also be increased by 2%.

33.1.4. A schedule of the minimum and maximum annual rates of pay for each position is attached as Appendix C. No employee's base pay shall be neither less than the minimum nor more than the maximum for the position.

33.1.5. Effective July 1, 2003 and each July I thereafter, all employees who have at least six months of active employment in their position as of June 30 and who receive a rating of satisfactory or above on their performance evaluation shall be eligible for a performance pay increase as set forth below. Employees who have less than six months' active employment in their position as of June 30 shall not be eligible for a perfon-nance pay increase until the following July.

33.1.5. 1. Pay increases based on performance shall be:

| Rating | Increase |
|---|---|
| Excellent | 3% |
| Above Average | 2% |
| Satisfactory | I % |

33.1.5.2. If the calculated increase would cause the employee's pay to exceed the maximum for his/her position, the employee's base pay shall be increased to the maximum for the position and 100% of the difference shall be paid in a single, lump sum payment.

## ARTICLE 34. SAVINGS CLAUSE.

34.1. General. 34. 1. 1. If any Section, or portion thereof, of this Agreement, or any Addendum to this Agreement, should be held invalid or to conflict with applicable Federal or State law by any court of competent jurisdiction, the remainder of the Agreement and its Addendums shall not be !kffected thereby, and the parties shall enter into immediate collective bargaining negotiations for the purpose of arriving at a mutually satisfactory replacement for such Section.

**34.2. Waiver of Breach of Contract.**
34.11. The waiver of any breach, term or condition of this Agreement by either party shall not constitute a precedent in the future enforcement of all its terms and conditions.

## ARTICLE 35. ENTIRE AGREEMENTIWAIVER

**35.1. General.**
35. 1 - 1. The Agreement expressed herein in writing constitutes the entire Agreement between the parties and no oral statement shall add to or supersede any of its provisions.

35-1.2. The Employer shall not enter into any individual agreements or arrangements with any bargaining unit employees, as consistent with Federal law.

## ARTICLE 36. DURATION

36.1. General. 36. 1. 1. The term of this Agreement shall commence on March 28, 2002 and shall continue in full force and effect until March 27, 2005.

## ARTICLE 37. CONTINUATION AND TERMINATION OF CONTRACT

## ARTICLE 36. DURATION

**36.1. General.**

36.1.1. The term of this Agreement shall commence on March 28, 2002 and shall continue in full force and effect until March 27, 2005.

## ARTICLE 37. CONTINUATION AND TERMINATION OF CONTRACT

**37.1. General.**

37.1.1. Either party may at least ninety (90) days and not more than one hundred twenty (120) days prior to March 27, 2005, give written notice to the other party of its intent to amend, modify, or terminate this Agreement. This Agreement shall be deemed to be renewed from year to year unless either party notifies the other in writing at least ninety (90) days before the expiration date of its desire to amend, alter or modify said Agreement on such expiration date.

## ARTICLE 38. FUTURE CONTRACT NEGOTIATIONS.

### RESERVED.

**IN WITNESS WHEREOF,** the parties have duly executed this Agreement the day and year written below:

**METROPOLITAN CAMPUS POLICE OFFICERS UNION**

Carla McCormick
President

Date: _12-22-03_

**HOWARD UNIVERSITY**

H. Patrick Swygert
President

Date: _12/23/03._

APPENDIX C

| | | |
|---|---|---|
| PA,SO | 24.35% | |
| SPO | 28.60% | |
| SSPO | 23.60% | |
| MIN/MAX DIFF | 4.50% | 4.50% |

| | | 2001 | | | | | 20 | |
|---|---|---|---|---|---|---|---|---|
| | | PA | SO | SPO | SSPO | | PA | SO |
| Starting | min | $ 18,263 | $ 18,263 | $ 23,004 | $ 28,339 | | $ 22,710 | $ 22,710 |
| | max | $ 25,279 | $ 25,279 | $ 31,844 | $ 39,227 | | $ 23,731 | $ 23,731 |
| | | | | | STEP DIF | | 4.50% | 4.50% |
| After 1 year | min | | | | | | $ 23,732 | $ 23,732 |
| | max | | | | | | $ 24,799 | $ 24,799 |
| | | | | | STEP DIF | | 4.50% | 4.50% |
| 5 years | min | | | | | | $ 24,800 | $ 24,800 |
| | max | | | | | | $ 25,915 | $ 25,915 |
| | | | | | STEP DIF | | 4.50% | 4.50% |
| 10 years | min | | | | | | $ 25,916 | $ 25,916 |
| | max | | | | | | $ 27,081 | $ 27,081 |
| | | | | | STEP DIF | | 5.00% | 5.00% |
| 15 years | min | | | | | | $ 27,212 | $ 27,212 |
| | max | | | | | | $ 28,435 | $ 28,435 |
| | | | | | STEP DIF | | 5.05% | 5.05% |
| 20 years | min | | | | | | $ 28,586 | $ 28,586 |
| | max | | | | | | $ 29,871 | $ 29,871 |

APPENDIX C

| | | | 2.00% | | | | | 2.00% |
| | | | 2.00% | | | | | 2.00% |
| | | | 2.00% | | | | | 2.00% |
| 4.50% | 4.25% | | 4.50% | 4.50% | 4.50% | 4.25% | | 4.50% |
| **02** | | | | **2003** | | | | |
| **S.P.O.** | **S.S.P.O.** | | **P.A.** | **S.O.** | **S.P.O.** | **S.S.P.O.** | | **P.A.** |
| $ 29,583 | $ 35,027 | | $ 23,164 | $ 23,164 | $ 30,175 | $ 35,728 | | $ 23,628 |
| $ 30,913 | $ 36,515 | | $ 24,206 | $ 24,206 | $ 31,532 | $ 37,334 | | $ 24,690 |
| 4.50% | 4.25% | | 4.50% | 4.50% | 4.50% | 4.25% | | 4.50% |
| $ 30,914 | $ 36,516 | | $ 24,207 | $ 24,207 | $ 31,533 | $ 37,246 | | $ 24,691 |
| $ 32,305 | $ 38,067 | | $ 25,295 | $ 25,295 | $ 32,951 | $ 38,828 | | $ 25,801 |
| 4.50% | 4.25% | | 4.50% | 4.50% | 4.50% | 4.25% | | 4.50% |
| $ 32,306 | $ 38,068 | | $ 25,296 | $ 25,296 | $ 32,952 | $ 38,829 | | $ 25,802 |
| $ 33,758 | $ 39,684 | | $ 26,433 | $ 26,433 | $ 34,433 | $ 40,478 | | $ 26,962 |
| 4.50% | 4.25% | | 4.50% | 4.50% | 4.50% | 4.25% | | 4.50% |
| $ 33,759 | $ 39,685 | | $ 26,434 | $ 26,434 | $ 34,434 | $ 40,479 | | $ 26,963 |
| $ 35,277 | $ 41,371 | | $ 27,623 | $ 27,623 | $ 35,983 | $ 42,199 | | $ 28,175 |
| 4.50% | 4.50% | | 5.00% | 5.00% | 4.50% | 4.50% | | 5.00% |
| $ 35,278 | $ 41,471 | | $ 27,756 | $ 27,756 | $ 35,984 | $ 42,301 | | $ 28,311 |
| $ 36,865 | $ 43,233 | | $ 29,004 | $ 29,004 | $ 37,602 | $ 44,097 | | $ 29,584 |
| 4.70% | 4.60% | | 5.05% | 5.05% | 4.70% | 4.60% | | 5.05% |
| $ 36,937 | $ 43,379 | | $ 29,158 | $ 29,158 | $ 37,675 | $ 44,247 | | $ 29,741 |
| $ 38,598 | $ 45,222 | | $ 30,469 | $ 30,469 | $ 39,370 | $ 46,126 | | $ 31,078 |

APPENDIX C

| 4.50% | 4.50% | 4.25% | | | | | |
|---|---|---|---|---|---|---|---|
| **2004** | | | | | | | |
| S.O. | S.P.O. | S.S.P.O. | | | | | |
| $ 23,628 | $ 30,778 | $ 36,442 | | | | | |
| $ 24,690 | $ 32,162 | $ 38,081 | | | | | |
| 4.50% | 4.50% | 4.25% | | | | | |
| $ 24,691 | $ 32,163 | $ 37,991 | | | | | |
| $ 25,801 | $ 33,610 | $ 39,604 | | | | | |
| 4.50% | 4.50% | 4.25% | | | | | |
| $ 25,802 | $ 33,611 | $ 39,605 | | | | | |
| $ 26,962 | $ 35,122 | $ 41,288 | | | | | |
| 4.50% | 4.50% | 4.25% | | | | | |
| $ 26,963 | $ 35,123 | $ 41,289 | | | | | |
| $ 28,175 | $ 36,703 | $ 43,043 | | | | | |
| 5.00% | 4.50% | 4.50% | | | | | |
| $ 28,311 | $ 36,704 | $ 43,147 | | | | | |
| $ 29,584 | $ 38,354 | $ 44,979 | | | | | |
| 5.05% | 4.70% | 4.60% | | | | | |
| $ 29,741 | $ 38,429 | $ 45,131 | | | | | |
| $ 31,078 | $ 40,157 | $ 47,049 | | | | | |