# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| Howard University (HU) ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06 CV 00270 |
| ) | |
| Metropolitan Campus Police ) | |
| Officers Union (MCPOU) ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## ANSWER AND COUNTERCLAIM TO CONFIRM ARBITRATION AWARD

Defendant, through undersigned counsel, answers the Complaint to vacate its arbitration award and states the following:

1. Defendant admits that this Court has jurisdiction over the matter and that it is the proper venue.

2. Defendant admits that it is seeks to enforce its arbitration award.

3. Defendant admits that its state court action was removed to this Court.

4-5. Defendant is without knowledge as to the number of people Plaintiff employs, but otherwise admits the assertions as to the parties.

6. Defendant admits that the collective bargaining agreement between the parties contains a provision to submit grievances to final and binding arbitration, but otherwise admits only that the document speaks for itself.

7. Defendant admits that it filed a grievance as stated and denies Plaintiff's assertion as to the parties' agreement on compensation.

8. Defendant admits that Arbitrator McKissick issued the award in question, but the documents otherwise speaks for itself.

9. Defendant admits that the collective bargaining agreement between the parties contains a provision to submit grievances to final and binding arbitration, but otherwise admits only that the document speaks for itself.

10. Defendant denies Plaintiff's assertions contained in this paragraph.

11. Plaintiff admits that it filed a motion to confirm the award in the Superior Court of the District of Columbia and that the matter was removed to this Court.

12. This paragraph is a reincorporation, as to which no response is required.

13-17. Paragraphs 13 through 17 state legal conclusions, a response as to which is not required. Defendant denies all factual allegations set forth in paragraphs 13 through 17 of the Complaint.

18. This paragraph is a reincorporation, as to which no response is required.

19-22. Paragraphs 19 through 22 state legal conclusions, a response as to which is not required. Defendant denies all factual allegations set forth in paragraphs 19 through 22 of the Complaint.

23. Further answering, Defendant denies all factual allegations not specifically admitted or otherwise answered.

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Complaint and award Defendant such other relief as to which it is entitled.

## COUNTERCLAIM TO CONFIRM ARBITRATION AWARD

Counterclaim-Plaintiff, MCPOU, hereby seeks to enforce an arbitration award issued in its favor and as to which states the following:

1. Jurisdiction and venue is properly within this Court pursuant to 28 U.S.C. §185 and 28 U.S.C. §1331.

2. Counterclaim-Plaintiff, MCPOU, is a labor organization which represents special police officers, sergeants and guards employed at Howard University as their exclusive bargaining representative.

3. Counterclaim-Defendant is Howard University which is an institution of higher learning located in the District of Columbia and which employs the members of MCPOU.

4. The parties executed a collective bargaining agreement on or about December 23, 2003, which contract contained agreements to resolve all grievances arising under it by way of arbitration and to treat the arbitrator's decision as final and binding upon the parties.

5. MCPOU filed a grievance on or about May 6, 2004, alleging that HU had violated the collective bargaining agreement with respect to compensation.

6. MCPOU's grievance was processed through normal channels and pursued to arbitration in accordance with the rules of the American Arbitration Association.

7. The parties selected Dr. A.Y. McKissick as arbitrator of the dispute, who convened a hearing on or about July 26, 2005.

8. HU raised no issue relating to the arbitrability of the grievance and the parties had a full and fair opportunity to present relevant and admissible evidence, and thereafter submitted post-hearing briefs.

9. On or about November 13, 2005, Arbitrator McKissick rendered an award in favor of MCPOU and which is annexed to the Complaint as Exhibit 4.

10. In rendering her award, Arbitrator McKissick acted entirely properly and within the scope of authority conferred upon her by the parties, their collective bargaining agreement and the rules of the American Arbitration Association.

WHEREFORE, Counterclaim-Plaintiff prays that the Court issue an order confirming the award and granting such other relief as may be appropriate to its enforcement and as to which Counterclaim-Plaintiff may be entitled.

                          Respectfully submitted,

                          _____/s/_____
                          William G. Jepsen, Jr. [323113]
                          1711 Stratton Road
                          Crofton, MD  21114
                          302-261-3982
                          Fax - 410-451-4706
                          Counsel for MCPOU