## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

HOWARD UNIVERSITY    )
             )
 Plaintiff        )
             )
 v.           )  Case No. 1:06 CV 270
             )
METROPOLITAN CAMPUS POLICE )
 OFFICERS UNION    )
             )
 Defendant       )
_____ )

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
### AND DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD

   Howard University (HU) seeks to vacate an award from a voluntary arbitration proceeding intended to resolve a wage dispute. The arbitrator acted entirely within her authority and provided HU a full and fair hearing on the merits. The award should be confirmed.

### I.

   The parties negotiated a collective bargaining agreement (CBA) which they duly executed. Carla McCormick, president of MCPOU, signed the document on December 22, 2003, and H. Patrick Swygert, president of HU, signed it the next day. Plaintiff's Motion Exhibit 1, p.38. On May 6, 2004, MCPOU filed a grievance alleging that HU violated Article 33 by failing to compensate members in the manner provided in Appendix C of the CBA. The parties were unable to resolve their differences and moved the matter to arbitration before Dr. Andree Y. McKissick on July 26, 2005 pursuant to the terms of the CBA. P. Motion Ex. 3 at 2.

   At the hearing, the parties stipulated that the issue to be decided by the Arbitrator was

"Whether or not the Parties had a meeting of the minds on Appendix C, the Wage Compensation Package." P. Motion Ex. 3 at 4. Under the terms of the CBA, the Arbitrator was to conduct the hearing "...in accordance with the rules of the American Arbitration Association...[and t]he arbitrator's decision shall be final and binding upon the parties." P. Motion Ex. 2, Art. 30, §30.3.4.2. The parties had agreed, therefore, that "The Arbitrator shall be the judge of the relevance and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary." Defendant's Ex. 1.[1] Neither party raised any objections to the formulation of their stipulation, to the authority of the Arbitrator to decide that issue, or to her authority to decide issues as to the relevance and materiality of the evidence offered by them.

The evidence of record shows that the parties had negotiated since June 2003 and had agreed on certain wage increases. P. Motion Ex. 3 at 2. In "a push to get retroactive checks to the members" because of the Christmas season, the MCPOU held an informational meeting in November and ratified the CBA in December. *Id.* Although the members also received pay increases to their base salaries in January 2004, discussions as to the "service differential" in Appendix C continued. *Id.*

HU's chief negotiator testified to the effect that there had been no agreement on Appendix C and HU sought to present testimony from MCPOU's chief negotiator, attorney Kimberly Kline. MCPOU, citing attorney-client privilege, objected to Kline's testimony. After discussion, the Arbitrator sustained the objection "due to reasons noted based upon confidentiality." *Id.*

---

[1]/   Exhibit 1 is the text of Rule 28 of the applicable Labor Arbitration Rules of the American Arbitration Association which are available at AAA's web-site at *http://www.adr.org/RulesProcedures.*

Ms. Kline was MCPOU's attorney, as well as chief negotiator, but she did not take part in the parties' execution of the CBA.  D. Ex. 2 at 2.  Ms. Kline was present for part of the Arbitrator's discussion of her appearance at the hearing.  *Id.* at 3.

The Arbitrator sustained the grievance, holding that the parties entered into a valid, binding contract which included Appendix C.   P. Motion Ex. 3 at 11.  She held, in part, "...that the written language embodies the terms of the agreement and will govern the rights and liabilities of the parties...," and that "[u]pon President Swygert's signature, the Agreement became a viable contract, absent duress, fraud or mutual mistake...."  *Id.* at 9.  Noting that "...even the University admits that the prevailing law personifying the objective law of contract[s] is still viable...," the Arbitrator also found that "there is no evidence of record..." that established the presence of any of the exceptions to the "...general contractual principle."  *Id.*

The Arbitrator acted wholly within the authority granted to her and her award should be confirmed.

## II.

HU seeks to vacate the award on two grounds.  It contends that the question of a meeting of the minds was not arbitrable and also argues that her refusal to hear certain testimony rendered the hearing unfair.  P. Motion at 7-8.  The evidence of record supports neither contention.

### a.

HU has voiced its non-arbitrable argument for the first time in this court.  Only after it failed to achieve favorable results before Arbitrator McKissick has it questioned her authority to render the decision.  The parties, however, were entitled to arbitrate any dispute and HU's argument to the

contrary is untimely and therefore is waived.

Arbitration is an entirely voluntary method of resolving disputes. The parties here, just as any litigants, "may freely contract to refer their dispute to arbitration, as an alternative to costly litigation." Government of V.I. v. 0.459 Acres of Land, 286 F. Supp. 2d 501, 511 (D.V.I. 2003). And "if parties wish to have a legal question resolved by an arbitrator rather than a judge, they are free to submit their claim to arbitration." Id. Parties to collective bargaining agreements exercise the same freedom. See Pennsylvania Power Co. v. Local Union No. 272, 886 F. 2d 47, 48 (3rd Cir. 1989)(arbitrability and merits submitted to arbitrator); United Indus. Workers v. Government of V.I., 987 F. 2d 162, 168 (3rd Cir. 1993)(union submission to arbitration without objection unable to contest arbitrator's authority).

Although participation in arbitration does not necessarily preclude judicial review of the arbitrator's exercise of authority, where a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it. Jones Dairy Farm v. Local No. P-1236, 760 F. 2d 173, 175 (7th Cir.); cert. denied, 474 U.S. 845 (1985); accord, United Food and Comm. Workers Local 400 v. Marvel Poultry Co., Inc., 876 F. 2d 346, 353 (4th Cir. 1989)(absent objection party cannot attack on grounds not raised before arbitrator).

Here, HU not only voluntarily participated in the arbitration, it accepted the grievance, denied the grievance, participated in the arbitration, agreed to stipulate the issue, presented evidence and argument, filed a post-hearing brief, and filed a request for reconsideration of the award, all without objecting to arbitrability or the jurisdiction and authority of the Arbitrator to decide the issue presented to her for resolution. P. Motion Ex. 3. On these facts, HU waived its right to contest arbitrability.

**b.**

4

HU argues in the alternative that the award should be vacated because Attorney Kline's testimony went directly to the question of whether there was a meeting of the minds between the parties on Appendix C. The Arbitrator's refusal to hear that testimony, HU contends, deprived it of a fair hearing. P. Motion at 13.

The evidence of record clearly showed, however, that the parties' CBA was fully executed as of December 23, 2003, and that HU immediately implemented its provisions. HU, moreover, does not seriously contest those facts or the application by the Arbitrator of the "objective law of contracts" to them. The Arbitrator's decision rested on horn-book law and, as nothing in the record demonstrated that HU entered the CBA as a result of duress, fraud or mutual mistake, it should be confirmed. See Award, P. Motion Ex. 3 at 8-9.

HU nonetheless argues that the Arbitrator should have allowed MCPOU's former counsel to testify on its behalf. But the issue before the Arbitrator was not one of ambiguity in the terms of the CBA, and her ruling was consistent with the parole-evidence rule. "[A] written agreement may not be changed or modified by any oral statements or arguments made by the parties in connection with the negotiation of the agreement." Elkouri and Elkouri, *How Arbitration Works,* 1989 ed., at 412. This fundamental rule also was incorporated into the parties' CBA which provides which provides in Article 35 that the document "...constitutes the entire Agreement between the parties and no oral statement shall add to or supersede any of its provisions." P. Motion Ex. 2 at 7. Nothing in Ms. Kline's e-mail, which was admitted into the record and considered by the Arbitrator, nor anything in her declaration accompanying this motion, negates the legal effect of President Swygert's signature on the CBA, especially since Ms. Kline did not participate in his execution of the CBA. While the Arbitrator

obviously felt that the absence of testimony from President Swygert was significant, she correctly ruled that Ms. Kline's testimony was not. *Id*., Ex. 3 at 8.

## III.

The parties agreed to arbitrate their dispute, submitted a stipulated issue to the Arbitrator they had selected, empowered her to decide the issue and to make evidentiary rulings, and presented evidence and argument. The Arbitrator found that the parties had entered a valid contract and that Defendants should be compensated pursuant to its terms, retroactive to the date of the underlying grievance. The Arbitrator acted entirely within her authority and in finding as she did that HU was attempting "...to re-open negotiations only on Appendix C via this arbitration." *Id.* at 10.

*   *   *   *   *

Based upon all of the foregoing, MCPOU requests the Court enter judgment in its favor and against HU, and confirm the award.

Respectfully submitted,

_____/s/_____
William G. Jepsen, Jr. [323113]
1711 Stratton Road
Crofton, MD   21114
302-261-3982
Fax - 410-451-4706
Counsel for MCPOU