UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOWARD UNIVERSITY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  1:06-cv 270 |
| | ) |
| **METROPOLITAN CAMPUS POLICE** | ) |
| **OFFICERS UNION,** | )        (RBW) |
| | ) |
| Defendant. | ) |

**PLAINTIFF HOWARD UNIVERSITY'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO VACATE ARBITRATION AWARD**

Plaintiff Howard University hereby files this Reply to Defendant Metropolitan Campus Police Officers Union's ("MCPOU's" or "Union's") Opposition to Plaintiff's Motion to Vacate Arbitration Award.  In further support of its Motion, Plaintiff Howard University respectfully states the following:

**I.**

**INTRODUCTION**

The case law cited by both parties in this case makes clear that Howard University did not waive its right to challenge the arbitrator's award ("Award"). The University has preserved its right to challenge both the arbitrator's substantive jurisdiction over the dispute, as well as the arbitrator's decision on the merits of the dispute.  Because all of the University's challenges to the Award are valid and well-supported by applicable case law, Howard University's motion to vacate the arbitration Award should be granted.

1

MCPOU's contention that the University has waived its right to challenge the award is meritless. The Union's Opposition fails to cite any applicable case law in support of its waiver argument. Rather, the Union relies on inapposite case law and, thereby, bolsters Howard University's position that the Award should be vacated. The Union claims that by participating in the arbitration hearing, Howard University waived its right to challenge the Arbitrator's substantive jurisdiction to hear the dispute. Applicable case law reveals, however, that this is simply incorrect.

Howard University properly preserved its right to challenge the arbitrator's substantive jurisdiction before this Court by raising the contract validity issue before and during the arbitration and then filing a timely complaint to vacate the arbitration award. The issue of whether the parties reached a meeting of the minds and formed a legally valid and binding agreement is a substantive jurisdiction issue that is reserved for the Court, not an arbitrator, to decide. By deciding this issue, the arbitrator exceeded her authority, and her Award did not draw its essence from the Collective Bargaining Agreement ("Agreement"). On this basis, alone, the award should be vacated.

Further, contrary to the Union's assertions, the arbitrator's exclusion of the pertinent and relevant testimony of Kimberly Kline on attorney-client privilege grounds finds absolutely no basis in the law. Case law is clear that the arbitrator had a duty to admit the testimony of Ms. Kline. This is especially true given the arbitrator's reliance on the absence of such evidence in rendering her decision. The failure of the arbitrator to admit the testimony of Ms. Kline provides an alternative basis for vacating the Award.

For these reasons, and for those already stated in Howard University's Motion to Vacate the Award, the University's Motion to Vacate should be granted, and the Union's cross motion to confirm the Award should be denied.

## II.

## ARGUMENT AND AUTHORITIES

A. **Howard University Did Not Waive Its Right To Challenge The Arbitrator's Substantive Jurisdiction To Decide The Parties' Dispute.**

Contrary to the Union's contentions, Howard University properly preserved its right to challenge the arbitrator's substantive jurisdiction to decide whether the parties entered a valid and binding agreement on Appendix C, the Wage Compensation Package (hereafter, "Wage Compensation Package"). The Union incorrectly contends that Howard University's participation in the arbitration hearing, notwithstanding its objection to the arbitrator's substantive jurisdiction to hear the dispute, precludes Howard University from raising the objection before this Court.

The University has asserted since the onset of this dispute that there is no valid agreement between the parties on the Worker's Compensation Package. By asserting the absence of a valid agreement both before and during the arbitration, Howard University put the arbitrator on notice of the jurisdictional issue. At no time did Howard University's state or otherwise assert that by participating in the hearing that it was waiving its right to challenge the arbitrator's jurisdiction to decide the contract validity issue. See Pennsylvania Power Co. v. Local Union No. 272, 886 F.2d 46 (3rd Cir. 1989) (explaining that such waivers must be clear and unequivocal).

Applicable case law further demonstrates that the University did not waive its right to challenge the arbitrator's Award on jurisdictional grounds. In International Brotherhood of Electrical Workers, Local Union No. 545 v. Hope Electrical Corporation, 380 F.3d 1084 (8th Cir.

3

2004), the court ruled that a party may, notwithstanding its participation in arbitration proceedings, subsequently raise a challenge to the arbitrator's substantive jurisdiction to hear the dispute. In Hope Electrical Corporation, an employer challenged the arbitrator's substantive jurisdiction to hear the dispute after the arbitrator had already issued an award in the case by filing a timely motion to vacate the award. The union argued that because the employer failed to raise the issue during the arbitration, the employer could not raise the issue for the first time in a motion to vacate. The court disagreed and ruled that in the case of a substantive jurisdictional challenge to an arbitrator's award, the challenging party need not provide notice of its objection during the arbitration hearing.

In this regard, the court explained that "[b]ecause jurisdictional challenges of a substantive nature do not fall under the authority of the arbitrators, there is no reason to require submission to the arbitrators. Timely raising the issue before the court in a motion to vacate should suffice." Hope Electrical Corp., 380 F.3d at 1102-03 (citing Local Union No. 36, Sheet Metal Workers' Int'l Ass'n v. Atlas Air Conditioning, 926 F.2d 770 (8th Cir. 1991) (stating that the timely filing of a motion to vacate is an alternative means for "preserving an argument related to an issue of substantive arbitrability notwithstanding the lack of notice before the arbitrator")); see also AT&T Techs. Inc. v. Comm. Workers, 475 U.S. 643 (1986) (explaining that it is the role of the courts to determine whether a valid arbitration agreement applies to the subject matter of the issue submitted for arbitration); Smith Wilson Co. v. Trading and Development Establishment, 744 F. Supp. 14, 17 (D.D.C. 1990) (citing I.S. Joseph Co v. Michigan Sugar Co., 803 F.2d 396, 398 (8th Cir. 1986) (noting the essence of a district court's inquiry is "whether there is an agreement between the parties at all")).

The facts of Hope Electrical Corporation are analogous to those in the present case. Howard University's challenge to the arbitrator's substantive jurisdiction to hear the parties' dispute is identical to the substantive jurisdictional challenge at issue in Hope Electrical Corporation. In that case, the employer challenged, among other things, whether a union President's partial repudiation of a collective bargaining agreement meant that the parties had not reached a meeting of the minds on the collective bargaining agreement. As in the present case, the employer in Hope Electrical Corporation was challenging whether the arbitrator had the jurisdiction to determine whether the parties reached a valid agreement at all.

Like the employer in Hope Electrical Corporation, Howard University is challenging whether the parties reached a meeting of the minds (on the wage compensation package). After raising this issue at the arbitration, the University filed a timely complaint to vacate the award alleging that the arbitrator did not have the jurisdiction to decide this issue. Section 301 of the Labor Management Relations Act requires that parties seeking to set aside an arbitration award do so within 90 days after the arbitrator's ruling. See United Brothers of Carpenters & Joiners v. FMC Corp., 658 F.2d 1285 (9th Cir. 1981); Fields v. Babock & Wilcox, 1981 U.S. Dist. LEXIS 16795 (W.D. Pa. Aug. 31, 1981). In this case, the arbitrator issued her award on November 13, 2005. Howard University filed a motion to vacate the arbitration award within the 90 day deadline on February 13, 2006. Thus, Howard University's timely filing of a complaint to vacate the award was sufficient to preserve its challenge before this Court.

Howard University has properly preserved its right to challenge the arbitrator's substantive jurisdiction by putting the arbitrator on notice of the contract validity issue before and during the arbitration and then subsequently filing a timely motion to vacate the award. The question of whether the arbitrator had substantive jurisdiction to hear the dispute has not been

waived. Contrary to the Union's assertion, Howard University's participation in the arbitration did not constitute a clear indication of its willingness to forego judicial review of the substantive jurisdiction issue.

In its Opposition, the Union argues that the University's participation in the hearing necessarily constitutes waiver. While the Union cites a string of cases, none of those cases have facts that are analogous to the facts of the present case. Instead, in support of its contention, the Union cites four inapposite cases that are easily distinguishable on their facts. See Jones Dairy Farm v. Local No. P-1236, 760 F.2d 173, 175 (7th Cir.), cert denied, 474 U.S. 845 (1985), United Food and Comm. Workers Local 400 v. Marvel Poultry Co., Inc., 876 F.2d 346, 353 (4th Cir. 1989), Government of V.I. v. 0.459 Acres of Land, 286 F. Supp. 2d 501 (D.V.I. 2003), Pennsylvania Power Co. v. Local Union No. 272, 886 F.2d 46 (3rd Cir. 1989) (all cited in support of the Union's waiver argument).

None of the four cases that the Union cites involves a case in which a party raises the substantive jurisdictional challenge of whether the parties actually reached a valid and binding agreement. Rather, each of the Union's cases raises either challenges to the underlying merits of the arbitrator's award or a challenge as to the scope of a provision contained in the agreement. Specifically, in United Food and Commercial Worker's, Local 400, the court explained that the challenging party did not challenge the "the arbitrator's jurisdiction over any issue of remedy, i.e., the arbitrability of that issue, choosing instead to contest on the merits the extent of its liability." Based on these facts, the court in United Food and Commercial Worker's, Local 400 ruled that the party's challenge to the merits of the decision had been waived because the challenging party failed to raise the issue before the arbitrator.

In both Pennsylvania Power Co. and Government of V.I., two additional cases cited by the Union, although the challenging parties raised a jurisdictional challenge, the challenge did not contest the validity of the agreement between the parties. Rather, the challenge went to question of whether the scope of the parties' arbitration clause was not broad enough to cover the dispute. On these facts, the respective courts ruled that the issue should have been raised at the arbitration. In the fourth case, Jones Dairy Farm, the challenging party asserted, after the fact, that the arbitrator did not have the authority to interpret certain terms of the parties' agreement. In that case, the court concluded that the party's challenge to the award went to the "scope" of the agreement and, therefore, should have been raised before the arbitrator.

The facts of United Food and Commercial Worker's, Local 400, Pennsylvania Power Co., Government of V.I., and Jones Dairy Farm are all distinguishable from the facts in this case for a critical reason. The holdings in each of those four cases presume that the provisions of the agreements at issue were valid and legally binding. In other words, the court's ruling in each of those cases assumed that the parties had reached a meeting of the minds and formed a valid contract that could be interpreted by the arbitrator. In sharp contrast, the issue in this case was whether there was a valid agreement between the parties at all.

In the present case, Howard University's substantive jurisdiction challenge to the arbitrator's authority is not based on either the underlying merits or whether the scope of certain provisions of the contract are broad enough to permit the arbitrator to decide issues arising under those provisions. Rather, what Howard University is challenging in this case is whether there was even a valid agreement in the first instance. This is not a case in which the challenging party raised contract enforceability or validity issues for the first time after the arbitrator decided the case. Indeed, this has been Howard University's argument sine the outset of the dispute. The

Union has cited no case in which a party put the arbitrator on notice of the substantive jurisdiction issue (i.e. the absence of an agreement) both before and during the arbitration and then subsequently filed a timely motion to vacate the award.  Under the courts ruling in <u>Hope Electrical Corp.</u>, Howard University has preserved its right to challenge the Award.  Indeed, none of Howard University's actions in this case demonstrate an unequivocal waiver of its right to challenge the contract formation issue before this Court.

In this case, Howard University's challenge to the Award comes as no surprise to the Union, because both the arbitrator and the Union were fully aware of the challenge since day one.  As case law makes clear, the issue of whether the parties have formed a valid and binding agreement is an issue reserved for the Court, not the arbitrator.  Under the facts of this case, a decision from this Court ruling that Howard University's substantive jurisdictional challenge was not waived is consistent with applicable case law.

For this reason, alone, the arbitrator's award should be vacated.

**B.    The Record In This Case Demonstrates That The Arbitrator's Exclusion Of Ms. Kline's Pertinent And Material Testimony Was Improper And Therefore Provides An Alternative Basis For Vacating The Arbitrator's Award.**

Even if this Court were to determine that the arbitrator had jurisdiction to hear the parties' dispute, the arbitrator's improper exclusion of Ms. Kline's testimony provides an alternative basis for vacating the arbitration Award.  Notwithstanding the Union's contentions to the contrary, the arbitrator improperly excluded the testimony of Kimberly Kline, the Union's chief negotiator, an issue which the University raised during the course of the arbitration hearing.  It is undisputable that Ms. Kline's testimony was both pertinent and material to the dispute.  Significantly, the Union has failed to cite a single case to support its meritless contention that the arbitrator's exclusion of Ms. Kline's testimony was proper.

Applicable case law is clear that an arbitrator's award may be set aside when the arbitrator refuses to hear pertinent and material evidence. This is especially true where, as in this case, the arbitrator excludes such evidence, but then relies upon the absence of such evidence in reaching her decision. In this case, the arbitrator emphasized in her decision that she ruled in favor of the Union because the University did not offer any evidence to explain the intent of the parties when they signed the Agreement or provide sufficient evidence to prove the existence of fraud or mutual mistake. See Arbitrator's Award (Pl. Motion at Exhibit 3).

Yet, the arbitrator was fully aware that Howard University had proffered the testimony of Ms. Kline for those exact purposes. See Declaration of Kimberly Kline (Pl. Motion at Exhibit 2). Contrary to the Union's contentions, Ms. Kline was an appropriate witness to testify regarding what the parties agreed to prior to signing the Agreement. Much is made of the fact that President Swygert of Howard University did not testify at the hearing. However, Mr. Swygert was not present at the negotiations of the Agreement. Ms. Kline was. Ms. Kline was also present at the arbitration hearing, ready and willing to explain the parties' intent, but the arbitrator refused to let her do so without any valid basis.

Indeed, the facts in this case are clear that the arbitrator improperly excluded the testimony of Ms. Kline based on attorney-client privilege. As discussed at length in the University's Motion to Vacate the Award, Ms. Kline's proposed testimony is not protected by the attorney-client privilege. See Pl. Motion at pp. 13-16. As Ms. Kline's Declaration makes clear, she only intended to testify regarding statements made during open negotiations when both parties were present. She had no intention or any need to testify as to confidential statements between her and the Union. Thus, the privilege does not attach because Ms. Kline never intended to testify as to any privileged communication.

The Union has not cited a single case that precludes Ms. Kline from testifying as to communications made in the presence of third parties. The applicable case law and undisputed facts demonstrate that the arbitrator erred in excluding Ms. Kline's testimony. More importantly, the arbitrator erred by refusing to hear pertinent and material evidence that went directly to the issue decided by the arbitrator. See Gulf Coast Industrial Worker's Union v. Exxon Corp., 70 F.3d 847, 850 (5th Cir. 1995).

The Union tries to confuse this issue by arguing that because the American Arbitration Association ("AAA") rules allegedly give the arbitrator the authority to decide issues of relevance and materiality, the arbitrator's refusal to exclude pertinent and material evidence cannot be overturned. Nothing could be farther from the truth. The AAA Rules do not take precedence over the safeguards implemented by federal courts to preclude an arbitrator from exceeding her authority by arbitrarily and erroneously excluding evidence at the hearing and then basing her decision on the absence of such evidence.

Furthermore, contrary to the Union's suggestion that the arbitrator properly excluded the evidence based on the parole evidence rule, the arbitrator's decision is clear that she was willing to consider testimony regarding the intent and meaning of the parties' signing of the Agreement. See Arbitrator's Award at p. 10. However, she erroneously chose to exclude Ms. Kline's testimony not based on the parole evidence rule, but on attorney-client-privilege grounds. See Arbitrator's Award at p. 3, Def. Opp. at 2. In any event, federal courts have made clear that parole evidence should not be excluded where its purpose is to show that there was no agreement or the agreement was invalid. See, e.g., Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16 (2nd Cir. 1997).

Finally, the Affidavit of Carla McCormick, which the Union attaches to its Opposition, does nothing to change either the material facts or applicable law on this issue. The Affidavit, which is wrought with hearsay and conclusory statements, does not change the fact that Ms. Kline was entitled to testify as to statements made in the presence of both parties during the negotiations that immediately preceded the execution of the Agreement. Moreover, nothing in the Affidavit controverts the fact that the arbitrator had a duty to admit the testimony of Ms. Kline given that she based her decision on the absence of evidence that Ms. Kline was prepared to provide.

Based on the undisputed facts of this case, the arbitrator's exclusion of Ms. Kline's testimony was erroneous and unfairly prejudiced Howard University's right to a fair and full hearing on the merits of the dispute.

### III.

### CONCLUSION

For each of the reasons set forth herein, as well as those contained in Howard University's Motion, the Arbitration Award should be set aside.

Respectfully submitted,

/s/
_____
Trina L. Fairley (D.C. Bar No. 464102)
Keith J. Harrison (D.C. Bar No. 416755)
**KING PAGANO HARRISON**
1730 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006
(202) 371-6800

*Counsel for Defendant Howard University*

11