# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| Howard University ) | |
| ) | |
|   Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06 CV 00270 (RBW) |
| ) | |
| Metropolitan Campus Police ) | |
|   Officers Union ) | |
| ) | |
|   Defendant ) | |
| _____ ) | |

## DEFENDANT'S MOTION TO HOLD PLAINTIFF IN CONTEMPT

Defendant Metropolitan Campus Police Officers Union (MCPOU), through counsel, moves the Court to hold Plaintiff in contempt for its failure to comply with the Court's Order of March 19, 2007, and in support thereof states the following:

    1. On November 13, 2005, Arbitrator Andree McKissick found that Appendix C was a valid part of the parties' collective bargaining agreement and ordered Plaintiff to fully implement Appendix C with the payment of back pay. Appendix C provided specific hourly rates for Defendant's members based on years of service with Plaintiff.

    2. On March 19, 2007, this Court affirmed the arbitration award.

    3. On January 18, 2008, the United States Court of Appeals for the District of Columbia affirmed the decision of this Court.

    4. On March 12, 2008, the Court of Appeals denied Plaintiff's petition for re-hearing.

    5. On April 15, 2008, this Court issued its mandate.

    6. Neither the award nor the Court's order specified a date by which Plaintiff must comply with the award.

7. To date Plaintiff has failed to comply with the Court's directive. In the course of numerous communications to the undersigned, counsel for Plaintiff has stated that the delay in complying with the Court's order was the result of Plaintiff having had difficulty locating the requisite records, difficulty in acquiring the records, and difficulty in interpreting Appendix C. For eligible members of Defendant's bargaining unit, Appendix C provides a higher hourly rate than that which was used by Plaintiff in compensating the employees.

8. Defendant has requested that Plaintiff provide a projected date upon which it would comply with the order. Defendant also has requested an explanation of what records would be used in calculating the back pay and what difficulties there might be in interpreting Appendix C. Plaintiff has declined those requests. Defendant also has requested that Plaintiff provide it with copies of or access to the records that will be used to calculate back pay in an effort to identify potential problems in Plaintiff's compliance and to avoid challenges to the accuracy of Plaintiff's calculations. Defendant is unable to make the calculations necessary to determine the exact dollar amount of back pay to which each of its members is due because Plaintiff, as the employer, is the custodian of the time-and-attendance records needed to implement the court's order.

9. On June 13, in response to undersigned's telephonic inquiry, counsel for Plaintiff again advised that Plaintiff was compiling data and determining how to calculate the money owed. On June 20, at 6:00 PM, Plaintiff's counsel advised by e-mail that the data acquisition would be completed by June 30 and that she would follow-up thereafter.

10. On July 2, Plaintiff's counsel advised the undersigned that its firm was running the calculations and that she would contact the undersigned in 30 days. Defendant, however, received no additional information on July 31 and no information on August 1. There was no

"ASAP" follow-up from Plaintiff's counsel, and there was no indication of when Plaintiff could expect compliance with the Court's order.

11. In response to Defendant's counsel's telephone calls from the undersigned on August 1 and 4, Plaintiff's counsel has advised that they have completed their calculations and are awaiting a response from Plaintiff. Plaintiff's counsel was unable to provide any assurances that Plaintiff would approve the calculations or when, if approved, payments would be made based on those calculations.

12. Defendant submits that compliance with the order and the award essentially entails identifying Defendant's members eligible for an increase under Appendix C; re-calculating the compensation for those members from the effective date of the award (using the hourly rate from Appendix C, instead of that which Plaintiff had used) for all regular hours worked; re-calculating the compensation for overtime and premium hours worked at the hourly rate from Appendix C; subtracting the amount Plaintiff has paid to the members; and issuing a check for the difference.

13. As a result of Plaintiff's delay in complying with the award, Defendant's members have been denied the beneficial use of back-pay to which they were entitled, interest on that money and, for eligible members, increases in their present and future compensation predicated on raises in their salaries as provided by the current collective bargaining agreement between the parties.

14. Plaintiff's failure to comply with the Court's order is unreasonable, especially given the fact that this matter was initially litigated in 2005. Since that time Plaintiff knew what records it would need to comply with the arbitrator's award should its motion to vacate be denied. Plaintiff also could have engaged the Defendant in the process or sought further clarification of the award from this Court.

15. Plaintiff's failure to comply with the award constitutes contempt of this Courts Order of March 19, 2007.

16. Pursuant to LCvR 7.1(m), counsel discussed this motion by telephone on August 4, and Plaintiff's counsel indicated that Plaintiff would oppose the motion.

WHEREFORE, Defendant prays that the Court issue an order holding Plaintiff in contempt of this Court's order of March 19, 2007, ordering it to comply with the order by a date certain, ordering that Plaintiff pay post-judgment interest at the legal rate on the back pay paid to each of Defendant's members, ordering that failure to comply by that date will result in the issuance of a fine for each day of non-compliance, and ordering Plaintiff to pay Defendant's reasonable attorney's fees and costs incurred in filing this motion, and such other relief as it deems appropriate.

> Respectfully submitted,
>
> _____/s/_____
> William G. Jepsen, Jr. [323113]
> 1711 Stratton Road
> Crofton, MD   21114
> 302-261-3982
> Fax - 410-451-4706
> Counsel for MCPOU

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| Howard University ) | |
| ) | |
|   Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06 CV 00270 (RBW) |
| ) | |
| Metropolitan Campus Police ) | |
|   Officers Union ) | |
| ) | |
|   Defendant ) | |
| _____ ) | |

### STATEMENT OF POINTS AND AUTHORITIES

1. 29 U.S.C.A. Section 301; 9 U.S.C.A. Sections 1-16;

2. The inherent authority of the court to enforce its orders;

3. the motion and facts stated therein; and

4. the entire record hereto.

                        Respectfully submitted,

                        _____/s/_____
                        William G. Jepsen, Jr. [323113]
                        1711 Stratton Road
                        Crofton, MD   21114
                        302-261-3982
                        Fax - 410-451-4706
                        Counsel for MCPOU

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| Howard University ) | |
| ) | |
|   Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06 CV 00270 (RBW) |
| ) | |
| Metropolitan Campus Police ) | |
|   Officers Union ) | |
| ) | |
|   Defendant ) | |
| _____ ) | |

**ORDER**

Upon review of Defendant's Motion to Hold Plaintiff in Contempt and for Other Relief, its statement of facts in support thereof, its memorandum of points and authorities, and Plaintiff's response thereto, it is hereby ORDERED that Plaintiff's motion is granted; and it is FURTHER ORDERED that:

Plaintiff shall comply with this Court's Order of March 19, 2007, within seven (7) days of this order;

Plaintiff shall pay to each of Defendant's eligible members post-judgment interest at the legal rate on the back pay which is payable to each member;

Plaintiff shall pay a fine of $1,000.00 per day, payable to Defendant, for each day of Plaintiff's failure to comply with this order; and

Plaintiff shall pay Defendant's reasonable attorney's fees and costs incurred in filing this motion.

_____
Judge Reggie B. Walton
United States District Court

_____, 2008